**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**JOHN MICHAEL HERRMANN and**
**CONCHITA HENARES HERRMANN,**

    *Plaintiffs*,

v.   Case No. 5:24-CV-0764-JKP-HJB

**ERIC POINTER, et al.,**   (Consolidated with
                            Case No. 5:24-CV-1025-JKP)

    *Defendants*.

**ORDER ACCEPTING REPORT AND RECOMMENDATION**
**<u>OF UNITED STATES MAGISTRATE JUDGE</u>**

Before the Court is a Report and Recommendation of United States Magistrate Judge (ECF No. 42) ("R&R"), filed on November 14, 2024. The Magistrate Judge recommends that the Court deny Plaintiffs' Demand for Emergency Injunction and Issuance of Criminal Charges (ECF No. 35) because Plaintiffs seek an injunction based on alleged federal criminal violations of Defendants. Providing relevant caselaw, the Magistrate Judge states that private citizens such as Plaintiffs, "have no standing to enforce federal criminal laws." *See* ECF No. 42 at 1. Plaintiffs have filed their Objection to Report and Recommendation (ECF No. 48). Defendants from the lead case have filed a response (ECF No. 52) to the objection and Plaintiffs have filed their "Answer to Response (ECF No. 53).

Although Plaintiffs purport to "wholly object" to the R&R, they simply argue in conclusory fashion that they are not attempting to enforce criminal laws. Instead, they are merely demanding that the Court enforce such laws. They also object to the Magistrate Judge's involvement in this case.

The response to the objection points out that, through their requested injunction, Plaintiffs seek to enjoin a non-party to this action—the Credit Union of Texas—from foreclosing on their

property. The response also correctly points out that Plaintiffs' motion provides no basis for the Court to grant injunctive relief.

Plaintiffs answer to the response does little more than argue that magistrate judges are "not authorized to adjudicate an Article III court" and suits "at Common Law" are not "subject to a judge's discretion, civil procedure, or other retrial mechanisms used to prevent a claim from reaching a jury."

The District Court has reviewed *de novo* those portions of the recommendation to which objection was made and reviewed the remaining portions for clear error. Finding no error, the Court **ACCEPTS** the R&R (ECF No. 42) and **DENIES** Plaintiffs' Demand for Emergency Injunction and Issuance of Criminal Charges (ECF No. 35) for the reasons stated in the R&R and because Plaintiffs have provided no basis for obtaining the requested injunction. While the response also indicates that a lack of jurisdiction provides another basis to deny the requested injunction, that is a matter the Court can determine through the current motions to dismiss. While a lack of jurisdiction certainly precludes the Court from granting the requested injunction, the Court sees no harm in denying the injunction on other grounds given the procedural posture of this case. As for the arguments about the authority of magistrate judges and use of mechanisms to prevent a jury trial, the Court finds that Plaintiffs attempt to apply caselaw out of context, magistrate judges are authorized to perform various functions as delegated by district judges, and a request for jury trial does not dispense with or eliminate applicable pretrial procedures.

**It is so ORDERED this 2nd day of December 2024.**

*[signature: Jason Pulliam]*

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**